FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50267 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03581-BEN |
| v. | |
| ADRIAN JOSUE GUTIERREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Adrian Josue Gutierrez appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gutierrez argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Gutierrez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(c) (2015). In addition, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *Id.* Because it appears that the district court denied the minor role adjustment based on Gutierrez's essential role in the offense and did not consider all of the now-relevant factors, we vacate Gutierrez's sentence and remand for resentencing. *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**